UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UROMED TECHNOLOGY, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 09 C 3493 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| THOMAS F. REINER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Uromed Technology Inc., Michael Y. Granger, Kenneth E. Feltman, and Kenneth Feltman Insurance Trust (the "Trust") brought this action arising from a business deal gone wrong for declaratory and injunctive relief in the Circuit Court of Cook County. Defendants Thomas F. Reiner, Denise A. Brewer Reiner, Spectra Group Inc., and LKDTBJP Living Trust removed the action to this court, and now seek dismissal for want of personal jurisdiction and improper venue or, in the alternative, transfer of venue. For the reasons stated herein, the court finds that it has no personal jurisdiction over defendants Reiner Brewer and LKDTBJP, denies dismissal, and grants transfer.

## I. SUBJECT MATTER JURISDICTION

An initial matter is whether this court has subject matter jurisdiction to decide this motion. The court notes the Supreme Court's guidance that while "there is no unyielding hierarchy" between personal and subject-matter jurisdiction, "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter . . . ." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). The parties have not indicated that departure from this custom is warranted here, and the court finds no reason to do so.

1

The sole ground for removal asserted by defendants was diversity jurisdiction. Diversity jurisdiction exists only when the case at hand satisfies both citizenship and amount-in-controversy requirements, *see* 28 U.S.C. § 1332(a), both of which defendants' removal implicates. Defendants concede that plaintiffs pray for less than $75,000 in damages, but assert that the amount in controversy is in fact greater than $75,000 by virtue of the cost of the injunctive relief sought. *See* Doc. No. 1, at 2. Based on their discussion of the issues in controversy, their "estimate of the stakes is plausible," and the case therefore satisfies the amount-in-controversy requirement. *See Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

The question of diversity of citizenship is less clear-cut. Plaintiff Granger is a citizen of Illinois, while plaintiffs Feltman and the Trust are citizens of Virginia. Defendants Reiner, Brewer Reiner, and LKDTBJP are all citizens of California, while defendant Spectra, incorporated in Delaware and with its principal place of business in California, is a citizen of both states.[1] So far, so good, but an issue remains regarding plaintiff Uromed, which is incorporated in Massachusetts and control of which the parties dispute. Defendants, in their removal papers, assert that Uromed's principal place of business is in California, where they reside. While this would ordinarily destroy jurisdiction, defendants also assert that Uromed was fraudulently joined as plaintiff by plaintiffs Granger and Feltman, who, defendants assert "have no standing or authority to assert rights or claims on behalf of Uromed." Plaintiffs do not contest this assertion,

---

[1] The Trust and LKDTBJP are citizens of the states of citizenship of their respective trustees. *See Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 318 (7th Cir. 1998). Reiner attests that he is the trustee of LKDTBJP, making that entity a California citizen. The Trust was organized in Virginia, where plaintiff Feltman resides. The trustee of the Trust is named Nancy H. Feltman. The parties have made no indication that Ms. Feltman lives anywhere but in Virginia, defendants assert the Trust is a citizen of Virginia, and the court is satisfied that it is so.

either in their response to the instant motion or in a separate filing, such as a motion to remand for lack of diversity. The court will disregard Uromed for purposes of this analysis, and has therefore satisfied itself that diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a).[2]

## II. BACKGROUND FACTS

While what actually happened appears to be byzantine and heavily contested,[3] the following facts relevant to this motion are uncontested unless otherwise noted.

This dispute started between Reiner, Granger, and Feltman, and concerns their attempt to acquire certain medical products assets from an Illinois company called Hollister, Inc. Granger and Reiner, having decided to attempt to purchase the assets, met with Feltman, a potential investor, in December 2008, at the Seneca Hotel in Chicago. The three agreed to acquire the assets, and agreed to do so through a new corporation that became Uromed, which was accordingly incorporated one week after the meeting. Uromed was to be owned, at least initially, by Granger, Feltman, and Reiner, although the agreed percentages of ownership appear to be in dispute. As part of the deal, Reiner agreed to transfer to Uromed certain medical products assets that belonged to defendant Spectra, of which his wife, Brewer Reiner, was CEO and majority shareholder.

---

[2]       Were plaintiffs to contest the joinder issue, they would presumably also contest that Uromed's principal place of business is in California. After all, Granger and Feltman allege that they (both non-Californians), and defendants Reiner and Brewer Reiner (both Californians), rightfully control Uromed. Uromed's business operations appear to be run entirely by the four individuals in this case, meaning that if Granger and Feltman rightfully control Uromed, its principal place of business is not in California, and diversity exists anyway.
         The court also notes that defendants have never been served with the complaint, which was filed more than six months ago. Were the action to remain in this court, the complaint would be subject to dismissal without prejudice after notice to plaintiffs. *See* Fed. R. Civ. P. 4(m).
[3]       As exhibit A to plaintiffs' opposition to the motion, Granger and Feltman purport to offer a joint affidavit. As filed and as delivered to chambers, this affidavit was not signed or dated by Granger or Feltman, and was not notarized. The affidavit also fails to satisfy the requirements of 28 U.S.C. § 1746. The court will not consider this purported affidavit in the disposition of this motion; even if the affidavit were satisfactory, it would not change the disposition of this motion.

Two days later, the newly formed Uromed and Hollister entered into an Asset Purchase Agreement. All was not well between the Uromed investors, though, and a tug-of-war soon broke out. Feltman invested $200,000; Reiner attests that Feltman promised to invest $50,000 more but then reneged. As promised, Uromed acquired the Spectra assets, but in so doing elected Brewer Reiner as secretary and director of Uromed and issued Uromed stock to Spectra, both of which Feltman and Granger contend was not part of the original bargain. Uromed further diluted Granger's and Feltman's respective stakes in the company by issuing stock to Brewer Reiner and defendant LKDTBJP, which Reiner controls. Feeling threatened, Granger and Feltman, who were of the opinion that they and Reiner were the only three valid board members, voted Reiner out of office. Reiner and his wife, considering her election to the board valid and having subsequently elected a fifth board member, returned the favor, voting Granger out of office.

Granger, Feltman, Uromed, and the Trust sued defendants in state court. Plaintiffs' four-count complaint seeks relief as follows: (1) an injunction against defendants based on Reiner's and Brewer Reiner's alleged mismanagement of Uromed; (2) a declaration regarding who is the rightful occupant of various positions in Uromed; (3) specific performance by Reiner of the agreement that Granger and Feltman maintain was reached at the Seneca Hotel; and (4) damages from Reiner and Brewer Reiner for their alleged breaches of fiduciary duty and tortious interferences with contract.

### III. PERSONAL JURISDICTION

Defendants first request that the court dismiss this action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). A federal court sitting in diversity applies the

law governing personal jurisdiction of the state in which the court sits, provided that the state law falls within federal constitutional bounds. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992). Once the defendant moves to dismiss for want of personal jurisdiction, the plaintiff bears the burden of demonstrating a *prima facie* case of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir 2003); *see also Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir. 1984). Nonresidents like defendants here are subject to jurisdiction in Illinois courts in two situations. A nonresident that is a natural person or corporation and is "doing business within" Illinois is generally subject to personal jurisdiction there. *See* 735 Ill. Comp. Stat. § 5/2-209(b)(1). In this case, plaintiffs adduce no facts or argument suggesting any defendant is subject to general jurisdiction, and the court finds none.

A defendant can also be subject to specific jurisdiction for suits arising from the defendant's conduct in Illinois, including transacting business; committing a tortious act; making or performing any contract with a substantial connection to Illinois; or acquiring ownership, possession, or control of any asset or thing of value that is in Illinois at the time of acquisition. *Id.* § 5/2-209(a)(1), (2), (7), (10). By attending the meeting at the Seneca Hotel, Reiner has certainly engaged in conduct within Illinois that in part forms the basis of plaintiffs' allegations, and this may well subject him to personal jurisdiction here. Defendants strongly contest as much, arguing that an agreement was not formed until after the meeting, once Reiner was out-of-state. Ultimately, resolution of this issue is unnecessary, as other defendants are not subject to jurisdiction here, making transfer proper.

As they concede, plaintiffs do not have any facts suggesting a connection between Illinois and Brewer Reiner, LKDTBJP, or Spectra. Plaintiffs urge that they are entitled to discovery on personal jurisdiction, suggesting that those three defendants *might* have connections with Illinois. However, none of the actions raised by plaintiffs suggest a connection between these defendants and Illinois specifically, but rather a connection to this case generally.

It is generally within the court's discretion to permit discovery on matters of personal jurisdiction. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). The Seventh Circuit has repeatedly held that, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *See id.* at 947; *see also GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1026 (7th Cir. 2009). Even assuming that a *prima facie* showing could be satisfied by bare allegations, *accord Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159, at *3 (7th Cir. 2000) (unpublished table decision), plaintiffs fail to meet their burden. Brewer Reiner, Spectra[4] and LKDTBJP are all California residents. The only allegations regarding each of these defendants are geographically non-specific. Furthermore, plaintiffs' allegations about Reiner's conduct in Illinois support at most an inference that he was partially acting on behalf of Spectra,[5] and make no reference to either Brewer Reiner or LKDTBJP. Otherwise, plaintiffs have failed to allege any facts suggesting that Brewer Reiner or

---

[4]     As explained above, Spectra is also a Delaware resident.
[5]     Plaintiffs allege that Reiner represented at the Seneca Hotel that he would transfer the assets of another entity that he controlled to the to-be-formed company. Depending on where one looks in plaintiffs' filings, that entity was either defendant Spectra or "Spectra Medical Products, Inc.," which the parties agree was a different entity than Spectra. (*See* Compl. ¶¶ 10-11.) Drawing inferences in plaintiffs' favor, the court can conclude that they allege that Reiner acted in part on behalf of defendant Spectra at the Seneca Hotel meeting.

LKDTBJP had any contacts with Illinois in connection with the complained-of events or more generally.

If not for Brewer Reiner or LKDTBJP, the court might allow jurisdictional discovery regarding whether Reiner acted on Spectra's behalf at any time while he was in Illinois. However, plaintiffs have not made even a *prima facie* case that Brewer Reiner or LKDTBJP is subject to personal jurisdiction here, and so any discovery regarding Spectra's contacts would be a waste of the parties' resources.

## IV. VENUE

As an alternative ground for dismissal, and as a ground for transfer, defendants urge that this district is the improper venue for the prosecution of this action. *See* Fed. R. Civ. P. 12(b)(3); *see also* 28 U.S.C. § 1406(a). Plaintiffs' complaint largely concerns the terms of the agreement Feltman, Granger, and Reiner allegedly entered into at the Seneca Hotel, and that hotel is within this judicial district, so that venue is likely proper here. 28 U.S.C. § 1391(a).[6]

That conclusion does not mean that venue is preferable here. Even without personal jurisdiction over some defendants, the court can order the case transferred to another judicial district. *See Cote v. Wadel*, 796 F.2d 981, 984-85 (7th Cir. 1986); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962); *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 189 n.5 (7th Cir. 1985). Indeed, transfer is a less drastic remedy than dismissal on grounds of jurisdiction, which might split this case into

---

[6] As another district court aptly put, "[t]he court acknowledges that in most situations if personal jurisdiction does not exist, then venue also does not exist. Notwithstanding, personal jurisdiction and venue are separate questions." *Wells' Dairy Inc. v. Estate of Richardson*, 89 F. Supp. 2d 1042, 1052 (N.D. Iowa 2000). That venue may be proper in this district does not mean that the case should go forward here because, even so, the court lacks jurisdiction over two defendants.

two. A court in which venue is proper may nevertheless transfer a case based upon the convenience of parties and witnesses and the interests of justice to any district where the case might have been brought. *See* 28 U.S.C. § 1404(a); *see also Rose v. Franchetti*, 713 F. Supp. 1203 (N.D. Ill. 1989). This case might have been brought in the United States District Court for the Northern District of California, in which judicial district defendants all reside. *Id.* § 1391(a).

The convenience of the parties and witnesses does not counsel dismissal here. All defendants are based in California, but Granger is based in this district, as are any witnesses from non-party Hollinger. Moreover, Feltman lives in Virginia, and Uromed's incorporator, who is Reiner's attorney, lives in Massachusetts, both of which are considerably closer to this district than to the proposed transferee district. Spectra's and certain of Uromed's records are in California, *see Waites v. First Energy Leasing Corp.*, 605 F. Supp. 219, 223 (N.D. Ill. 1985), although the volume of these records is unclear.[7]

However, the interests of justice counsel strongly in favor of transfer to the Northern District of California. Where some, but not all, defendants are subject to personal jurisdiction in a particular court, transfer is proper to a court in which all defendants are subject to personal jurisdiction. *See Kearney & Trecker Corp. v. Cincinnati Milling Mach. Co.*, 254 F. Supp. 130, 133-34 (N.D. Ill. 1966); *see also Burrows Paper Corp. v. R.G. Eng'g, Inc.*, 363 F. Supp. 2d 379, 387 (N.D.N.Y. 2005) (transferring under 28 U.S.C. § 1406(a)); *Hatfield v. Asphalt Int'l, Inc.*, 2004 WL

---

[7] Plaintiffs make certain arguments regarding the location of witnesses and documents, but do so without citation to affidavit or other competent evidence.

287680, at *4-*5 (S.D.N.Y. Feb. 11, 2004).[8]  The interests of judicial economy strongly favor such transfer here.

## V. Conclusion

This action is hereby transferred to the United States District Court for the Northern District of California.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 2, 2010

---

[8]    While courts agree that transfer in a case in which the court has personal jurisdiction over some but not all defendants, they differ as to whether such transfer is proper under § 1404(a) or another transfer statute, 28 U.S.C. § 1406(a).  This court agrees with the conclusion in *Moore v. Conway*, 481 F. Supp. 563, 565 (E.D. Wis. 1979) that, when venue is proper in the transferor district, transfer pursuant to § 1404(a) is preferable.